

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*


U.S. DISTRICT COURT FILED APR 10 2006 S.D. W.P. OF N.Y.

March 31, 2006

Jeffrey A. Rabin, Esq.
105 Court Street, Suite 600
Brooklyn, N.Y.
FAX 718-875-4011

**06 CRIM. 0316** *(Cm)*

Re: United States v. Stephen Mark Rubinstein

Dear Mr. Rabin:

Pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the present position of the Office of the United States Attorney for the Southern District of New York (the "Office") regarding the application of the Sentencing Guidelines to this case. This analysis is set forth for informational purposes only, and forms no part of any plea agreement between the Office and defendant Stephen Mark Rubinstein. As we have discussed, there is a mandatory minimum term of five years' imprisonment arising from conviction of either distribution of child pornography or enticement charges, Title 18, United States Code, Sections 2252A and 2422(b).

The Government presently believes the Sentencing Guidelines (in effect Nov. 2005) apply to this case as follows:

A.  Offense Level

   Distribution of Child Pornography

   1. Pursuant to USSG Section 2G2.2(a)(2) the base offense for distribution and receipt of child pornography is a level 22.

   2. Because some of the materials involve prepubescent minors or minors who had not attained the age of 12


JOINT EXHIBIT

years, the offense level is increased by 2, pursuant to USSG Section 2G2.2(b)(2).

3. Because the distribution of child pornography was for the receipt, or the expectation of of receipt, of a thing of value, but not for pecuniary gain, there is a 5 level increase, pursuant to USSG Section 2G2.2(b)(3)(B).

4. Because some of the materials portray sadistic or masochistic conduct or other depictions of violence, there is a 4 level increase, pursuant to USSG Section 2G2.2(b)(4).

5. Because the offense involved the use of a computer, there is a 2 level increase, pursuant to USSG Section 2G2.2(b)(6).

6. Because the offense involved at least 10 images, but fewer than 150, there is a 2 level increase, pursuant to USSG Section 2G2.2(b)(7)(A).

7. The total offense level for the distribution of child pornography is a level 37.

Enticement of a Minor

8. The base offense level for the enticement of a minor through the use of a computer is level 24, pursuant to USSG Section 2G1.3(a).

9. Because the offense involved the use of a computer, the offense level is increased by 2 levels, pursuant to USSG Section 2G1.3.

10. The total offense level for the enticement charge is level 26.

Grouping

11. The result is two criminal conduct offense groups, with offense levels of 37 and 26. Because the offenses are more than 9 levels apart, the most serious offense level controls, or level 37, pursuant to USSG Section 3D1.4.

Acceptance of Responsibility

12. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 3-level reduction will be warranted, pursuant to USSG Section 3E1.1(a). Furthermore, assuming the defendant accepts responsibility as described in the previous sentence, an additional 1-level reduction may be warranted, pursuant to USSG Section 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13. Thus, the applicable Guidelines offense level is level 34, with a mandatory minimum sentence of 5 years, pursuant to statutes.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no prior convictions.

Thus, the defendant's Criminal History Category is I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing Guidelines range is 151-188 months. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to USSG Section 5E1.2. At Guidelines level 34, the applicable fine range is $17,500 to $175,000. In addition, the computer equipment seized from Mr. Rubinstein's residence is subject to forfeiture, pursuant to Title 18, United States Code, Section 2253. The Government is presently unaware of any factual basis for an award of restitution.

The foregoing Guidelines calculation is based on facts and information presently known to the Office. Nothing in this letter limits the right of this Office to change its position at any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing, to Rubinstein's sentencing range/offense level, and to Rubinstein's criminal history category, that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to take a position on any departure that may be suggested by the sentencing Judge, the Probation Department, or Rubinstein.

Further, this letter does not and cannot bind either the Court or the Probation Department, either as to questions of fact or as to determination of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon Rubinstein is determined solely by the sentencing Judge. This Office cannot and does not make any promise or representation as to what sentence Rubinstein will receive.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: /s/
Cynthia K. Dunne
Assistant United States
 Attorney
(914) 993-1913