UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
                    Plaintiff,               :
        -against-                            :
                                             :
                                             :   IND. No. 06-CR-0316(CM)
STEVEN RUBINSTEIN,                           :
                                             :
                                             :
                    Defendant.               :
------------------------------------------------------------------------X

## DEFENDANT STEVEN RUBINSTEIN'S
## REPLY

The defendant, Steven Rubinstein, files the following in reply to the opposition papers filed by the Government, to his motion to declare the statutory mandatory sentencing provisions, as they apply to his case, unconstitutional.

The defendant, Steven Rubinstein, agrees with the Government's position that the decision by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), did not render statutory mandatory minimum sentences unconstitutional. It is the removal of sentencing discretion from the Judiciary, by the Executive Branch, which violates the doctrine of the separation of powers, by dictating the minimum sentence that a court can consider, that raises the constitutional issue.[1]

The argument advanced by the prosecution that "Congress may choose to set a punishment without giving the district courts any sentencing discretion whatsoever. *Chapman v. United States*, 500 U.S. 453, 467, (1991)", does not preclude the constitutional argument advanced in this matter. Once again, it is the ability of the prosecution, as an arm of the Executive Branch, to selectively

---

[1] See Jurisdictional And Separation Of Powers Strategies To Limit The Expansion Of Federal Crimes, John S. Baker, Jr., American University Law Review, Vol 54:545 (2005)

choose those cases, by its charging policy, that will bind the court with a mandatory minimum sentence, removing sentencing discretion from the court, and resulting in uncontrolled disparity in sentencing, that cause the infirmity. (See *Harris v. United States*, 536 U.S. 545, 570-71(2002).

All cases cited by the Government, holding that *Booker* did not declare mandatory minimum sentences unconstitutional, and therefore upholding their implementation are no different from cases that prior to the *Booker* decision held the Sentencing Guidelines constitutional. It is not that the defendant does not recognize that the imposition of a mandatory minimum sentence is currently binding upon the Court, it is his position that until a court, based upon changes in legislation, and or law, rules otherwise, that the status quo remains. The Supreme Court, by declaring the State of Washington's sentencing scheme unconstitutional, resulted in the Federal Sentencing Guidelines also being declared unconstitutional, but not until a challenge was raised and district judges acted.

The Supreme Court in *Mistretta v. United States*, 488 U.S. 361 (1989), by upholding the constitutionality of the Sentencing Guidelines, and recognizing that changes could take place that would result in a valid separation of powers challenge, welcomed a challenge when, and if, the issue became ripe. The Second Circuit in *United States v. Jimenez*, 451 F. 3d 97, 102 (2006), in considering only whether to place the burden of proof on a defendant to demonstrate his eligibility for safety-valve relief, commented, as the prosecution indicates "...that mandatory minimum sentences....remain binding on district courts." There was no challenge in that case though, to the constitutionality of the mandatory minimum sentence structure as a violation of separation of powers, and therefore lends little to this discussion.

Neither did the defendant in the *United States v. Cunningham*, 2006 WL 2089776 (10th Cir. 2006) case cited by the prosecution, raise this issue. The quote from the decision, cited by the prosecution, merely referred to the House Conference Report explaining the increase in mandatory minimum sentences (H.R. Conf. R. No. 10-866, Joint Explanatory Statement [commenting on Title

1 §103(b)(A)]) rather than a basis for the rejection of the separation of powers issue. The actual argument advanced in that case concerning separation of powers advanced by the defendant was "Congress has not imparted or created an[y] measure or mechanism by which a trial court may deviate from a mandatory minimum sentence imposed under 18 U.S.C. § 2251(a) or [(e)]. Therefore, the legislature has improperly divested the judiciary of its discretion and has prohibited it from any measure to avoid imposition of a cruel and unusual sentence as applied in individual cases.". That argument therefore did not address the argument advanced in this matter, and does not resolve the issue presented.

Finally, with regard to the argument advanced by Steven Rubinstein, regarding a violation of due process, it must be noted that contrary to the Government's position that the cases cited in the moving papers (*United States v. Pabon-Cruz*, and *United States v. Larry Rowe*), do not support his position, they were not cited for that purpose. As the moving papers indicate, they were merely set forth as "An example of the impact of mandatory minimum sentences...". They indicated the difference in sentences that were imposed with a mandatory sentence in effect, and upon re-sentencing without them being applicable.

In view of the aforementioned, and the arguments advanced in the original moving papers, the motion should be granted.

Respectfully,

Jeffrey A. Rabin, Esq.
Attorney for the Defendant

cc: A.U.S.A. Cynthia K. Dunne