UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STEVEN MARK RUBINSTEIN,

        Petitioner,

  -against-                          10 Cv 8106 (CM)
                                     06 Cr. 316 (CM)

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

On April 10, 2006, Steven Mark Rubinstein waived Indictment and plead guilty pursuant to a plea agreement to a Felony Information that charged him with distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and attempted enticement of two minors to engage in sexual acts, in violation of Title 18 United States Code 2422(b). Rubinstein was sentenced, principally, to 120 months imprisonment.

Before the Court is Rubinstein's petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Rubinstein claims that he is entitled to reversal of his conviction of enticement of minors due to actual innocence. In regard to his conviction of distribution of child pornography, Rubinstein alleges that he is entitled to reversal of his conviction because allegedly tainted evidence was used to obtain his conviction.

Rubinstein's claims are both procedurally barred and without merit.

Background

Rubinstein, a Vice Principal of a High School at the time of his surrender, pleaded guilty pursuant to a plea agreement to the possession and distribution of child pornography and attempted enticement of minors to engage in sexual relations. Rubinstein engaged in graphic sexual conversations over a period of months with people he believed were young 13-year old girls and set up times and locations to meet, in order to engage in sexual acts. (PSR ¶¶ 12-20). When a search warrant was executed in Rubinstein's home, Rubinstein admitted to attempting to entice minors to meet him for the purpose of engaging in sexual acts and also to downloading and trading approximately 50 child pornography images and videos. (PSR ¶¶ 17-20).

There is no question that Rubinstein was guilty of the offenses charged. Rubinstein's guilty plea was consistent with the evidence collected by the Government at the search of Rubinstein's residence and with evidence recovered from his office at the Murry Burgtraum High School in Manhattan, where Rubinstein worked. Rubinstein's guilty plea was consistent with his full admission, given freely, voluntarily and remorsefully while federal agents were searching his home. As Rubinstein acknowledged in his guilty plea, he plead guilty to the charges because he was guilty.

Rubinstein pleaded guilty to both counts of the Information pursuant to a written plea agreement, in which he explicitly waived his right to challenge his conviction on appeal or to launch a collateral attack.

At Rubinstein's plea proceeding, Magistrate Judge Mark D. Fox conducted a careful allocution that complied in all material respects with Rule 11 of the Federal Rules of Criminal Procedure. (Plea Tr. at 2-51). Magistrate Judge Fox ensured that Rubinstein had knowingly and voluntarily agreed to enter his guilty plea and that Rubinstein was competent to enter a plea.

2

(Plea Tr. at 20-35). Magistrate Judge Fox also specifically asked Rubinstein if he understood the waiver provisions in the Agreement, (waiving the right to collateral attack, direct appeal and to discovery) and then established that Rubinstein understood those provisions and had discussed them with counsel. (Plea Tr. at 35-36). Magistrate Fox also made sure that Rubinstein understood that by entering a guilty plea he was waiving the right to proceed by trial, to call witnesses and to raise defenses. (Plea Tr. at 35-39). Following the allocution, Magistrate Judge Fox stated that he was satisfied that Rubinstein understood the nature of the charges against him, that Rubinstein's plea was voluntary, and that there was a factual basis for it. (Plea Tr. at 48).

On November 6, 2006, the Court sentenced Rubinstein to 120 months' imprisonment. Rubinstein did not appeal his sentence. In or around October, 2010, almost four years after his conviction became final, Rubinstein filed the instant petition.

<u>Rubinstein's Petition is Procedurally Barred</u>

Rubinstein's Petition is procedurally barred on three independent grounds. First, under the plain terms of the Plea Agreement, Rubinstein waived the right to collaterally attack his conviction. Second, Rubinstein failed to file his petition within one year from the date his conviction became final; therefore the petition is time barred. Further, Rubinstein failed to raise his claims on direct appeal, which likewise bars him from raising the claims for the first time in a Section 2255 petition.

*Rubinstein Waived The Right To Collaterally Attack His Sentence*

The Plea Agreement, which Rubinstein voluntarily signed represented, *inter alia* that Rubinstein:

> Decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce

3

any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this agreement.

At the guilty plea allocution, Magistrate Judge Fox throughly questioned Rubinstein to insure that he fully understood the provisions of the plea agreement, which he had discussed with his lawyer. (Plea Tr. 27). Later, Magistrate Judge Fox specifically reviewed the above text from the plea agreement and the defendant stated that he had reviewed the waiver provision with his lawyer and understood the provisions of the agreement that he had voluntarily signed. (Tr. 35, 28).

Explaining his own role in the child pornography distribution offense, the defendant then stated: "From in or around the year 2002 to approximately March 6, 2006, I used a computer to download and at times trade images of child pornography." (Tr. 43-44). Rubinstein stated that he used computers from his residence in Dutchess County as well as his computer at work in Manhattan, where he worked as a Vice Principal, to facilitate this offense and that they images contained graphic sexual conduct involving children who are clearly under the age of 18. (Tr. 44).

Explaining his conduct with regard to Count Two, the attempted enticement of minors, Rubinstein stated: "From approximately June 2005 to March 6, 2006, I used communications devices that affected interstate commerce, and attempted to persuade individuals that I believed were under the age of eighteen to engage in sexual activity for which I could have been criminally prosecuted." (Tr. 45). Rubinstein further stated that at the time of his communications over the internet he believe that the people with whom he was communicating were under 18, as they had told him that they were 13 years old, and that he communicated with

them in order to entice them to engage in sexual activity with him. (Tr. 45-46).

The Second Circuit has repeatedly held that a defendant's waiver of the right to file a Section 2255 motion in a plea agreement is valid and enforceable. *See, e.g., Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (upholding waiver of right to collaterally attack conviction under Section 2255 and concluding that the "reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255"); *see also Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral rights in a plea agreement.") (citing *Garcia-Santos*); *cf. United States v. Djelevic*, 161 F.3d 104, 106-107 (2d Cir. 1998) (per curiam) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). Thus, where a defendant has knowingly and voluntarily waived his right to collaterally attack a conviction, that agreement is binding. *See, e.g., Garcia-Santos v. United States*, 273 F.3d at 509; *see generally United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (collecting cases).

Although waivers of appellate rights or Section 2255 rights such as Rubinstein's are not absolute in scope, the circumstances under which the Second Circuit has declined to enforce such waivers are very limited. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("The[ ] exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence. Accordingly, we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."). As the Second Circuit noted in *Gomez-Perez*, the exceptions include situations:

> when the waiver was not made knowingly, voluntarily, and

5

> competently, when the sentence was imposed based on
> constitutionally impermissible factors, such as ethnic, racial or
> other prohibited biases, when the government breached the plea
> agreement, or when the sentencing court failed to enunciate any
> rationale for the defendant's sentence.

21 F.3d at 319 (citations omitted); *see also United States* v. *Djelevic*, 161 F.3d at 106-07 (waiver of appeal must be knowing and voluntary); *cf. United States* v. *Hernandez*, 243 F.3d 110, 113-14 (2d Cir. 2001) (per curiam).

In *United States* v. *Ready*, the Second Circuit held that "a waiver of the right to appeal should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." 82 F.3d 551, 557 (2d Cir. 1996) (quoting *United States* v. *Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995)). The knowing and voluntary nature of the waiver can be established by demonstrating that during the plea hearing, the defendant's attention was drawn to the waiver provision in the plea agreement. *See United States* v. *Ready*, 82 F.3d at 557; *United States v. Blackwell*, 199 F. 3d 623, 625 (2d Cir. 1999).

Here, the record clearly demonstrates that Rubinstein knowingly and voluntarily waived his right to challenge his conviction under Section 2255. First, Rubinstein explicitly waived his right to file a Section 2255 in the signed Plea Agreement, which Rubinstein informed Magistrate Judge Fox he had discussed with his attorney and understood. (Plea Tr. at 35-39). Second, Magistrate Judge Fox specifically drew Rubinstein's attention to the waiver provisions in the Plea Agreement at the plea proceeding. (Plea Tr. at 35). Rubinstein's affirmative response demonstrates that he understood the effect of the waiver provision.

Accordingly, Rubinstein waived his right to seek pursuant to Section 2255.

*Rubinstein Petition is Untimely*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant has one year from the date the conviction becomes final to file his petition. 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) "the date on which the judgment of conviction becomes final,"
(2) "the date on which the impediment to making a motion created by governmental action . . . is removed, if the movant was prevented from making a motion by such governmental action,"
(3) the date on which a right is newly-recognized by the U.S. Supreme Court, if the right is retroactively applicable, or
(4) the date on which the facts supporting the claims could have been discovered.

*Id.* Subsection (2) has no application here because Rubinstein does not allege that governmental action prevented him from bringing the Petition. Subsection (3) is also inapplicable because Rubinstein does not assert a newly-recognized right. Subsection (4) likewise has no bearing because Rubinstein cites no newly-discovered (or newly-discoverable) facts supporting the Petition.

Under subsection (1), Rubinstein's conviction became final when he failed to file a notice of appeal within ten business days after entry of the judgment of conviction by the District Court. *See* Fed. R. App. P. 4(b)(1)(A)("In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the later of (i) the entry of either the judgment or the order being appealed or (ii) the filing of the government's notice of appeal."). Rubinstein's judgment of conviction was entered on November 13, 2006 and became final ten business days later. Fed. R. Crim. P. 45(a)(2); Fed. R. App. P. 26; Fed. R. App. P. 4(b). Under 28 U.S.C. § 2255, therefore, the statute of limitations for Rubinstein's Petition expired in November of 2007, one year after his judgment of conviction became final. *See, e.g., Martinez v. United States*, 2004 WL 883388 at *3 (S.D.N.Y. April 23, 2004) (statute of limitations under

7

28 U.S.C. § 2255 expired one year after defendant failed to file notice of appeal within ten days of entry of judgment of conviction); *Jang v. United States*, 2004 WL 470031 at *1 (E.D.N.Y. Jan. 23, 2004) (same).

Rubinstein argues that he failed to file his Section 2255 petition in a timely manner because his attorney's conduct was so egregious, thereby constituting exceptional circumstances. Section 2255 does not permit the tolling of its one-year limitations period for such reasons. Accordingly, Rubinstein's claims are time barred.

*Rubinstein Failed To Raise His Claims In a Direct Appeal*

This Court should likewise deny Rubinstein's challenge to his conviction because Rubinstein failed to raise his claims on direct appeal. It is well established that a prisoner may not raise in a Section 2255 petition a claim not pressed at trial or on direct appeal, unless the defendant can show "cause" for failing to raise the issue at the appropriate time as well as actual prejudice from the alleged error. *Napoli v. United States*, 32 F.3d 31, 36-37 (2d Cir. 1994); *see also Sapia v. United States*, 433 F.3d 212, 217-18 (2d Cir. 2005); *Campino v. United States*, 968 F.2d 187, 189-90 (2d Cir. 1992) ("we expressly abandon the 'deliberate by-pass' test for determining when a federal defendant has waived a claim under § 2255 by failing to raise it on direct review. . . [A] procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test"). In this regard, a Section 2255 petition is not designed as a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982).

"The concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). "The impact of inroads on finality is greatest in the context of guilty pleas because the

8

vast majority of criminal convictions result from such pleas and because the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *Lucas* v. *United States*, 963 F.2d 8, 14 (2d Cir. 1992) (internal quotation omitted); *see Rosario* v. *United States*, 164 F.3d 729, 732 (2d Cir. 1998).

Rubinstein did not file a direct appeal challenging his conviction or sentence. In fact, under the terms of the plea agreement he voluntarily signed, he waived the right to challenge the conviction on direct appeal and only retained the right to challenge the sentence, which he did not do. Even if Rubinstein could show cause for his default — which, as demonstrated *infra*, he cannot — he would still be barred from collaterally attacking his plea because he could not demonstrate prejudice. For this reason as well, Rubinstein is precluded from raising the arguments presented in his Petition.

### Rubinstein's Claims are Without Merit

Even if his claims were not procedurally barred, Rubinstein's claims fail on the merits. In his first claim for relief, Rubinstein contends he was factually innocent of the child enticement charges because he did not take a "substantial step" towards the commission of the crime. As Rubinstein admitted, however, he engaged in chat conversations with people whom he believed were 13 years old and attempted to gain their consent to meet for the purpose of engaging in sexual activities. Setting up meetings for the purpose of engaging in sexual acts, while believing he was conversing with minors clearly satisfies the legal standard for attempted enticement of a minor to engage in sexual acts.

In the recent case of *United States v Douglas IV*, __ F.3d __ (2d Cir. 2010), 2010 WL 4723209 (Nov. 23, 2010), the Court affirmed a conviction for attempted enticement of a minor where the defendant had conversed with a minor's adult guardian and set up a meeting, for the

purpose of engaging in sexual activities with the adult and a minor child. In *Douglas*, like in this case, a meeting never occurred. In *Douglas*, the Second Circuit stated that the underlying enticement offense under Section 2422(b) is complete upon the act of "persuasion." *Id.* at p. 3. The Second Circuit further rejected the argument asserted by the defendant here, that by merely engaging in conversations he had not taken a "substantial step" towards the commission of the offenses. *Id.* at fn. 1. Because Rubinstein's admitted conduct satisfies the requisite legal standard for the offense, without more, Rubinstein's claims lack substance and cannot form the basis for relief pursuant to Section 2255.

Rubinstein next contends that his conviction for distribution of child pornography was based upon proof obtained from a search of his computer for evidence of the child enticement charges and thus, such proof could not be used against him. Here, Rubinstein bypasses the critical facts that he was debriefed by agents and gave a full voluntary confession to such conduct and that he later pleaded guilty to the offense. As such, his conviction is based upon his own admissions. Moreover, Rubinstein voluntarily waived potential motions and entered a guilty plea prior to indictment, presumably in order to avoid public disclosure of his egregious conduct and to obtain credit for acceptance of responsibility. This strategic and voluntary decision, as evidenced by the plea agreement and his guilty plea allocution, is binding and precludes Rubinstein from raising potential trial evidentiary challenges at this juncture.

Accordingly, Rubinstein's § 2255 motion is denied in its entirety and the petition is dismissed.

This Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. Section 2253(c)(2); see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to

28 U.S.C. Section 1915(a)(3), that any appeal from the order denying petitioner's motion would not be taken in good faith. See Feliz v. United States, 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

April 7, 2011

_____
U.S.D.J.

11

BY FIRST CLASS MAIL TO:

Steven Mark Rubinstein
84533-054
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

BY ECF TO:

Cynthia Dunne
Assistant United States Attorney
Southern District of New York